UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLO SORACCO,<br>Plaintiff,<br>v.<br>DB INSURANCE COMPANY LTD (U.S. BRANCH), *et al*.,<br>Defendants. | Case No. 2:25-cv-10359-CV (BFMx)<br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>**[DOC. # 15]** |

Before the Court is Plaintiff Carlo Soracco's ("Plaintiff") Motion to Remand ("Motion"). Doc. # 15 ("Mot."). Defendant DB Insurance Company Ltd (U.S. Branch) ("Defendant" or "DBIC") filed an opposition to Plaintiff's Motion on January 9, 2026, and on January 16, 2026, Plaintiff filed a reply brief. Doc. # 18 ("Opp."); Doc. # 21 ("Reply"). The Motion is thus fully briefed.

After considering the papers filed, the Court concludes that this matter is appropriate for resolution without a hearing. Doc. # 23; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. The Court GRANTS the Motion to Remand.

///

///

## I. INTRODUCTION

Plaintiff filed the present action on September 19, 2025, in Los Angeles County Superior Court. Doc. # 1-1 ("Compl.") at 2.[1] On October 28, 2025, DBIC removed this action asserting diversity jurisdiction under 28 U.S.C. § 1332, and on December 2, 2025, Plaintiff filed his First Amended Complaint. Doc. # 1 ("NOR"); Doc. # 14 ("FAC").

In the original Complaint, Plaintiff asserts claims against DBIC for (1) breach of contract and (2) tortious breach of the implied covenant of good faith and fair dealing. Compl. ¶¶ 27–57. In his FAC, Plaintiff reasserts those claims against DBIC, adds Cardiff Court Owners Association Inc. ("Cardiff") as a Defendant, and asserts three additional claims for (1) breach of fiduciary duty—against Cardiff, (2) failure to enforce equitable servitude—against Cardiff, and (3) declaratory relief—against both DBIC and Cardiff. FAC ¶¶ 72–93. Plaintiff seeks general damages, compensatory damages, injunctive and equitable relief, special damages, interest, attorney fees, and costs of suit. *See id.* at Prayer. Plaintiff also seeks a declaration from the Court regarding the Parties' rights, remedies, obligations, duties, and interests. *See id.*

Plaintiff filed his Motion to Remand on December 15, 2025. Doc. # 14. Plaintiff argues that because the Court should allow Plaintiff to join Cardiff in this Action, and because Plaintiff and Cardiff are both California citizens, diversity is destroyed and the Court lacks subject-matter jurisdiction. Mot. at 12.

## II. FACTUAL BACKGROUND

### A. The Parties and the Insurance Policy

Plaintiff **Carlo Soracco** is an individual residing in Los Angeles County, California. FAC ¶¶ 1, 9. At all relevant times, Plaintiff has been the owner of a condominium located in the Cardiff Court condominium complex ("Cardiff Court"). *Id.* ¶ 7. Defendant **DB Insurance Company Ltd (U.S. Branch)** is a corporation organized under the laws of the Republic of Korea and the State of Hawaii. NOR ¶ 6. Defendant **Cardiff Court Owners**

---

[1] All record citations reflect CM/ECF pagination.

**Association, Inc.** is a nonprofit mutual benefit corporation organized under the laws of the State of California. FAC ¶ 3. Cardiff is the homeowners' association ("HOA") that operates Cardiff Court. *Id* ¶ 10.

Plaintiff alleges that in or around July 2023, DBIC issued an insurance policy—Policy Number CBP 2220188 01 (the "Policy")—to Cardiff. *Id.* ¶ 13. Due to an alleged oversight, Cardiff failed to have the Policy name the unit owners as additionally insured parties. *Id.* ¶ 18. Plaintiff asserts that Cardiff's Declaration of Covenants, Conditions, Restrictions, and Easements (the "CC&Rs") require that Cardiff name the unit owners as insured parties on any insurance policy it obtains. *Id.* ¶¶ 11–12. Plaintiff, as the owner of Unit 105, alleges he has an insurable interest in his unit under the Policy and is entitled to coverage. *Id.* ¶ 16.

**B. The Loss**

On the evening of September 26, 2023, the unit above Plaintiff's unit experienced a water leak, causing water to flow into Plaintiff's unit. *Id.* ¶ 19. Plaintiff called a water damage remediation company to assess the damage, and then Plaintiff hired a drying and remediation company to dry out his unit. *Id.* ¶ 20. The remediation and drying cost more than $7,000 exclusive of repairs. *Id.* Plaintiff alleges that his unit still smells like mildew and will require extensive repairs and reconstruction. *Id.* Plaintiff asserts that the damage is a covered loss under the Policy. *Id.* ¶ 21.

Plaintiff reported the water damage to Cardiff and submitted a water damage claim to DBIC. *Id.* ¶ 22. Pursuant to his claim, DBIC sent its adjustor to evaluate the damage in Plaintiff's unit; the adjustor estimated that it would cost $21,650.10 to repair the unit. *Id.* ¶ 23. While DBIC initially disputed its liability for the loss, Plaintiff alleges that DBIC ultimately accepted responsibility after months of back-and-forth communications. *Id.* ¶ 24. Although DBIC initially offered to settle Plaintiff's claim for less than Plaintiff sought, DBIC later took the position that the claim belongs to Cardiff not Plaintiff. *Id.* ¶¶ 26, 35. Consequently, the Parties dispute which Party is entitled to the claim and resulting benefits under the Policy. *Id.* ¶ 35.

## III. LEGAL STANDARD

Defendants may remove a case filed in a state court to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity among the parties (i.e., each defendant must be a citizen of a different state from each plaintiff). *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). There is a strong presumption against removal such that courts strictly construe the removal statute against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). The removing party bears the burden to establish that removal is proper. *Id*.

Defendants urging fraudulent joinder must prove that individuals joined in the action "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A non-diverse defendant is fraudulently joined, "and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). However, if there is any "non-fanciful possibility" that the plaintiff can state a claim against the non-diverse defendant, the Court must remand. *Martinez v. Michaels*, No. CV 15-cv-2104-MMM (Ex), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015). Given this standard, there is a presumption against finding fraudulent joinder, and defendants who assert it carry a heavy burden of persuasion. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Where a proposed amended complaint adds a non-diverse party, and thus destroys diversity jurisdiction, there is greater discretion in determining whether to allow the amendment. *Meggs v. NBCUniversal Media, LLC*, No. 2:17-cv-3769-ODW (RAOx), 2017 WL 2974916, at *3 (C.D. Cal. July 12, 2017) (citing 28 U.S.C. § 1447(e)). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C § 1447(e). Here, Plaintiff is not seeking leave to amend because he amended his complaint pursuant to the Parties' Joint Stipulation for Filing of an Amended Complaint. Doc. # 13. However, because Plaintiff added Cardiff as a non-diverse defendant in his FAC after removal, the Court will constructively use the "leave to amend" standard to assess whether the joinder was proper. *See Meggs*, 2017 WL 2974916, at *3

**IV. <u>DISCUSSION</u>**

Section 1447(e)'s language is permissive and clearly gives the district court discretion to permit joinder. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir.1998) ("Because the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court, we may only review the district court's decision for an abuse of discretion."). To decide whether to permit or deny joinder under § 1447(e), courts typically analyze the following six factors:

> (1) Whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citation modified). The Court will address each of these factors below.

**A. Extent that Cardiff is Needed for Just Adjudication of this Action**

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability

to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under § 1447(e), amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19. *Sabag v. FCA US, LLC*, No. 2:16-cv-6639-CAS (RAOx), 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016). "'The standard is met when failure to join will lead to separate and redundant actions,' but it is not met when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" *Id.* (quoting *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d. at 1011–12).

Plaintiff's claims for relief against DBIC and Cardiff arise from the same rights and coverages under the Policy. Mot. at 14. Thus, Plaintiff argues that joinder is necessary for complete relief because the factfinder may determine that only Cardiff may enforce the Policy on Plaintiff's behalf and that Cardiff must do so because of its fiduciary duty to Plaintiff. *Id.* at 14–15. Alternatively, if not joined, one court may find Plaintiff has no right to enforce the Policy against DBIC, while another court may find that Cardiff did not breach its fiduciary duties to Plaintiff because Plaintiff could have enforced the Policy against DBIC himself. Thus, without Cardiff and DBIC joining in the same lawsuit, Plaintiff may not be able to obtain complete relief and may be subject to inconsistent rulings. *Id.* at 14–16. Moreover, separate suits among the three Parties, arising from the same incident and insurance policy, may be redundant and wasteful.

Accordingly, this factor favors weighs in favor of joinder.

**B. Statute of Limitations**

There is less reason to join a defendant if the plaintiff could file an action against the joined defendant in state court *See Clinco*, 41 F. Supp. 2d at 1083. Plaintiff's Motion, however, is silent as to whether the statute of limitations would preclude a separate suit. *See* Mot. at 13–22. DBIC points this out in its Opposition, and Plaintiff concedes he failed to argue this factor in his Motion. Opp. at 12–13; Reply at 12.

Accordingly, this factor does not weigh in favor of joinder.

**C. Timeliness**

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Plaintiff filed his FAC only 35 days after DBIC removed this Action. *See* Doc. ## 1, 14. Thus, the Court concludes that Plaintiff filed his FAC in a timely fashion. *Cf. Lara v. Bandit Indus., Inc.*, No. 2:12-CV-02459-MCE (ACx), 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (finding amendment three months after removal timely).

Accordingly, this factor favors weighs in favor of joinder.

**D. Plaintiff's Motive**

Relying on *Clinco*, DBIC argues that the Court should deny Plaintiff's Motion because Plaintiff's motive is to defeat federal subject matter jurisdiction. Opp. at 13–14. In *Clinco,* the district court viewed the plaintiff's post-removal attempt to join a non-diverse defendant with suspicion and explained that it was justifiable to suspect that the amendment was caused by removal rather than the evolution of the case. 41 F.Supp.2d at 1083. However, that suspicion is less important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants. *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012 (explaining that the legislative history of § 1447(e) suggests "that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.").

While one could justifiably suspect that Plaintiff's Motion was caused by removal, *see Clinco*, 41 F.Supp.2d at 1083, the Court declines to impute an improper motive to Plaintiff simply because he seeks to add a non-diverse defendant post-removal. Here, Plaintiff's preference for state court cannot be construed any more negatively than DBIC's preference for federal court. *Taylor v. Honeywell Corp.,* No. 09-4947 SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010).

Accordingly, this factor is neutral.

///

///

**E. Apparent Viability of Plaintiff's Claims**

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder" under § 1447(e). *Id*. This is not the same standard applied on a motion to dismiss or motion for summary judgment. *Meggs*, 2017 WL 2974916, at *8. Rather, here, the standard is "whether the claim seems valid." *Id.*

In his FAC, Plaintiff alleges that Cardiff breached its fiduciary duty to him and failed to enforce an equitable servitude. Mot. at 18; FAC ¶¶ 72–90. The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) its breach, and (3) resulting damage. *LaMonte v. Swana Bank Cal.*, 45 Cal. App. 4th 509, 517 (1996); *see also Cohen v. Kite Hill Cmty. Assn*., 142 Cal. App. 3d 642, 651 (1983) (holding homeowners' associations "owe a fiduciary duty to their members").

Plaintiff alleges (1) that the CC&R's require Cardiff to obtain insurance policies that name the owners (i.e., Plaintiff) as insured parties, (2) that Cardiff obtained a policy that does not include Plaintiff as an insured party, and (3) that DBIC now asserts that the claim arising from the loss belongs to Cardiff instead of Plaintiff. FAC ¶¶ 12, 15, 21, 25, 35–36. Consequently, Plaintiff's claim for breach of fiduciary duty against Cardiff seems valid.[2]

Accordingly, this factor weighs in favor of joinder.

**F. Prejudice Absent Joinder**

Prejudice to a plaintiff exists if the proposed defendant is crucial to the case and does not exist if complete relief can be afforded without that defendant. *Meggs*, 2017 WL 2974916, at * 8. Courts have found that prejudice arises in situations where plaintiffs must either abandon a viable claim against the putative defendant or initiate duplicative litigation

---

[2] The Court need not address Plaintiff's other claim against Cardiff given it finds at least one seems valid. Additionally, this Order does not determine the merits of the claims against Cardiff. Rather, as discussed above, the purpose of this analysis is to determine whether the claim appears to be valid for jurisdictional purposes. Should Plaintiff bring an action in the Superior Court against Cardiff, its substantive validity and timeliness would remain issues as to which that court would make any final determination.

in state court. *Lara*, 2013 WL 1155523, at *5; *see also Dordoni v. FCA US LLC*, No. 20-cv-1475-JGB (SHKx), 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020).

Here, Plaintiff alleges that DBIC has taken the position that the insurance claim at the heart of this dispute belongs to Cardiff, not Plaintiff. FAC ¶¶ 35–36. Thus, Plaintiff would need to initiate a separate state court action against Cardiff to obtain the relief he seeks. Given that the dispute between Plaintiff and both DBIC and Cardiff arises from the same indecent, such an action would certainly be duplicative of the present action.

Accordingly, this factor weighs in favor of joinder.

### G. Weighing the Factors

On balance, amendment is warranted on the grounds that Cardiff is more than tangentially related to Plaintiff's claims, amendment would promote judicial economy and reduce the risk of inconsistent results, Plaintiff's request was timely, the claims against Cardiff appear viable, and Plaintiff would be prejudiced absent amendment. Accordingly, the Court concludes that the equities weigh in favor of joinder and remand.

Because Cardiff and Plaintiff are both California citizens, there is no longer complete diversity between the Parties and this Court lacks subject-matter jurisdiction. Accordingly, the Court remands this case to the Superior Court of California

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and ORDERS as follows:

1. The above-referenced action shall be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).

2. The Court remands the case to the Los Angeles County Superior Court, Case No. 25STCV27510. The Clerk shall send a certified copy of this Order to the Superior Court.

///

///

///

3. The Court directs the Clerk to effect the remand immediately and close this federal case.

**IT IS SO ORDERED**.

Dated: 9/28/26

Cynthia Valenzuela
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE